IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00049–WYD–KMT

MARGRET THOMPSON, on behalf of herself and others similarly situated,

      Plaintiff,

v.

CHILDREN'S HOSPITAL,
KEMPE CHILD PROTECTION TEAM,
ANDREW SIROTNAK,
LISA M. JUSTICE,
TAMMIE RAATZ,
TONI M. ROZANSKI,
MARCOS GONZALES,
TIFFANY BEAUFORD, and
MARILYN ROBINSON, and other Jane or John Does, individually and in their official
capacities,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Defendant the Children's Hospital and Lisa M.

Justice's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 12 [TCH's Mot.], filed March 4,

2011) and "Andrew Sirotnak's Motion to Dismiss" (Doc. No. 27 [Sirotnak's Mot.], filed April 8,

2011).  Plaintiff did not file responses to either motion.  The motions are ripe for review and

recommendation.

I.      STATEMENT OF THE CASE

Plaintiff, an African-American, states on April 19, 2009, she took her child to The Children's Hospital (TCH) to be treated for headaches.  (Compl. at 3.)  Plaintiff alleges TCH staff wrongfully accused Plaintiff of being a high risk mother and exposing her minor daughter to a dangerous living environment and abuse of drugs.  (*Id.*)  Plaintiff alleges a child abuse report was issued by the hospital staff, and the Aurora police were called to restrain Plaintiff.  (*Id.*)  Plaintiff asserts medical tests later were conducted in which the results were "negative indicating that the child was not abused and in good health."  (*Id.*)  Nevertheless, according to Plaintiff, the Department of Human Services requested to be contacted prior to Plaintiff's child's discharge from the hospital.  (*Id.*)  The Department of Human Services made two visits to Plaintiff's home, during which "they wrongfully interrogated minor children and searched Plaintiff's home without her presence or consent."  (*Id.*)

Plaintiff alleges the actions of the defendants are the result of their discriminatory treatment of her based on her African-American heritage.  (*Id.*)  Plaintiff asserts jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, claiming the defendants violated her Fifth and Fourteenth Amendment rights, and that they committed various torts including "filing false record[s], deliberate indifference, negligence, defamation, libel and slander."  (*Id.*)  Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.  (*Id.* at 10–11.)

II.    **LEGAL STANDARDS**

    *A.*    **Pro Se** *Standard*

Because Plaintiff appears *pro se*, the court "review[s] [her] pleadings and other papers

liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may

not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has

violated laws in ways that a plaintiff has not alleged.  *Assoc. Gen. Contractors of Cal., Inc. v.*

*Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*,

113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to

round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (declining to "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues").

    *B.*    ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

4

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## III.   ANALYSIS

### A.     *Pleading Standards*

Plaintiff's allegations against Defendants TCH and Justice are contained in her First and Fourth Claims for Relief. Defendants TCH and Justice argue that Plaintiff's Complaint fails to meet the pleading standards under federal law. (TCH's Mot. at 3–4.) Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As explained by the Tenth Circuit,

> Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case. In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1970–71 n. 10. and *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 239–40 (3d Cir.2008)). The burden is on the plaintiff to provide fair notice of the grounds for the claims made against each defendant. *Robbins*, 319 F. 3d at 1250.

In her Complaint, Plaintiff fails to isolate the allegedly unconstitutional acts of each

defendant.  Thus, the Complaint does not provide adequate notice as to the nature of the claims

against each defendant.  For example, in her First Claim for Relief, Plaintiff alleges TCH

> conspired with one or more of the other Defendant's [sic], named and unnamed
> Jane and John Does, Tammie Raatz, Toni M. Rozenski, Tiffany Beauford,
> Marilyn Robinson, Marcos Gonzales, [TCH] Director Andrew Sirotnak, the
> Kempe Child Protection Team and Lisa M. Justice to deny [Plaintiff] due process
> clauses by, unlawfully treating her differently, due to her African-American
> heritage.

(Compl. at 5, ¶ 7.)  In her Fourth Claim for Relief, Plaintiff alleges TCH

> and one or more of the other Defendants, Andrew Sirotnak and other unnamed
> and unknown Jane or John Does acted to promote the wrongful practice of racial
> profiling policies and deliberate indifference against Ms Thompson by[] Hospital
> practice and policies that treat young minority women, specifically
> African-American women, differently than their Caucasian counterpart, at [TCH].

(*Id.* at 8, ¶ 16.)  "Given the complaint's use of either the collective term 'Defendants' or a list of

the defendants named individually but with no distinction as to what acts are attributable to

whom, it is impossible for any of these individuals to ascertain what particular unconstitutional

acts they are alleged to have committed."  *Robbins*, 519 F.3d at 1250 (citing *Atuahene v. City of

Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)).  As such, Plaintiff's First and Fourth Claims for

Relief should be dismissed without prejudice.

### B.    *Personal Participation Under 42 U.S.C. § 1983*

Defendants Justice and Sirotnak argue that Plaintiff has failed to allege any personal

participation by them in the any alleged violation of Plaintiff's constitutional rights.  (*See* TCH's

Mot. at 5–6; Sirotnak's Mot. at 6–8.)  Personal participation is an essential allegation in a § 1983

civil rights action.  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish

personal liability, a plaintiff must show that the official caused the deprivation of a federal right.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the

alleged constitutional violation and each defendant's participation, control or direction, or failure

to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  "[A]

complaint must explain what each defendant did to him or her; when the defendant did it; how

the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007).

Plaintiff alleges Defendants Justice and Sirotnak, along with other defendants, conspired

to violate Plaintiff's constitutional rights.  (Compl. at 5, ¶¶ 7, 8.)  Plaintiff also alleges Defendant

Sirotnak "promote[d] the wrongful practice of racial profiling policies and deliberate

indifference against [Plaintiff through] practice and policies that treat young minority women,

specifically African-American women, differently than their Caucasian counterpart."  (*Id.* at 8, ¶

16.)  The Complaint contains no specific factual allegations regarding what Defendants Justice

or Sirotnak did to her, when they did it, or how their actions harmed her.  Plaintiff never

specifies what involvement Defendants Justice or Sirotnak had in any alleged conspiracy or

constitutional violation.  Plaintiff's conclusory reference to Defendants Justice and Sirotnak,

without any specific allegations regarding their personal involvement, is insufficient to state a

claim.  *See Robbins*, 519 F.3d at 1250.

It appears Plaintiff may seek to hold Defendants Justice and Sirotnak vicariously liable for the alleged deprivation of her constitutional rights merely because of their respective positions as "Clinical Director" and "Medical Director." (*See* Compl. at 4, ¶¶ 3a and 3b.) In *Iqbal*, the Supreme Court held that supervisors can only be held liable for their own misconduct. *Iqbal*, 129 S. Ct. at 1949. Under this decision, a supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.* After *Iqbal*, the Tenth Circuit has held that a plaintiff may succeed in a § 1983 suit against a defendant-supervisor by demonstrating: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010) (citing *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)). Even under pre-*Iqbal* standards, a plaintiff had to allege "a deliberate, intentional act by the supervisor to violate constitutional rights," which was present if "the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996). Plaintiff also had to allege an "affirmative link" between "the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise," so as to establish causation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)); *see also Dodds*, 614 F.3d at 1201 n.9; *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001).

8

Plaintiff has failed to allege that Defendants Justice or Sirotnak knew about or participated in the alleged wrongdoings of their subordinates. *See Iqbal*, 129 S. Ct. at 1949. Plaintiff also has failed to allege that the defendants "created, implemented or possessed responsibility for the continued operation of a [specified] policy" that violated her constitutional rights, or that either defendant "acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199-1200.

Accordingly, as Plaintiff has failed to allege personal participation by Defendants Justice and Sirotnak, her § 1983 claims against them are properly dismissed. Thus, this court need not address Defendants TCH and Justice's remaining ground for dismissal that the defendants are not state actors for purposes of a § 1983 claim.

### C.      42 U.S.C. § 1981 Claims

"Section 1981 prohibits racial discrimination in the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995)(citing 42 U.S.C. § 1981)(internal quotations omitted). To establish a *prima facie* case of discrimination under § 1981, a plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001).

Plaintiff alleges she is an African-American, and, therefore, that she is a member of a protected class under § 1981. Plaintiff also alleges the defendants' alleged discriminatory

9

actions are based on her African-American heritage.  However, Plaintiff fails to allege facts sufficient to state a claim that the alleged discrimination interfered with a protected activity.

The Tenth Circuit Court of Appeals has made clear that interference with a protected activity for purposes of a § 1981 claim requires the "actual loss of a contract interest." *Hampton*, 247 F.3d at 1101, 1101 n.1.  Plaintiff fails to allege any facts suggesting there was a contractual relationship between Plaintiff and the defendants or that any alleged discriminatory act interfered with her ability to enter into or maintain any contract.

As Plaintiff has failed to state a cognizable claim under § 1981, these claims are properly dismissed.

### D.     *42 U.S.C. § 1985 Claims*

Plaintiff's allegations do not support a claim under section 1985, subsection 1 (preventing officer from performing duties) or subsection 2 (obstructing justice, intimidating party, witness, or juror).  It appears Plaintiff may be attempting to assert a claim under 1985, subsection 3, which creates a cause of action against persons who conspire to deprive a person or class of persons equal protection or privileges.  *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994).  To state a claim under § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) the conspirators committed some act in furtherance of the conspiracy; and (4) the plaintiff was either injured in his person or property or was deprived of having and exercising any right or privilege of a citizen of the United States.  *See Griffin v. Breckenridge*, 403 U.S. 88, 103–04 (1971).

The Tenth Circuit has held that, in order to support a claim under the statute, a plaintiff must be a member of a statutorily protected class, and actions taken by defendants must stem from the plaintiff's membership in that class.  *See Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746–47 (10th Cir. 1980).  Moreover, there must be some racial or other class-based, invidiously discriminatory animus behind the conspirator's actions.  *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993); *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 838; *Graham v. City of Okla. City, Okla.*, 859 F.2d 142 (10th Cir. 1988); *Brown v. Reardon*, 770 F.2d 896 (10th Cir. 1985).

Again, the court finds Plaintiff has alleged she is a member of a protected class. However, Plaintiff fails to state allegations to satisfy the remaining elements of a claim under § § 1985(3).  The basis of Plaintiff's First and Fourth Claims for Relief is that TCH's third shift staff filed a report of suspected child abuse with the Department of Human Services.  (*See* Compl. at 3, 5.)  In the context of a § 1983 claim, another court has found that the mere furnishing of information to state officials "does not demonstrate the existence of a conspiracy or that the [d]efendants were acting in concert.  If this were the case, any physician reporting suspected child abuse would be considered a conspirator and would also be subject to liability . . . ."  *Bryant-Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142 (D. Tenn. 1997). Moreover, this court found *supra* that Plaintiff has failed to state a § 1983 claim for conspiracy or any other claim under § 1983.  Thus, Plaintiff also has failed to establish the threshold element to assert a claim under § 1985(3).

Accordingly, Plaintiff's § 1985 claims are properly dismissed.

11

### E.      *Supplemental Jurisdiction*

To the extent Plaintiff asserts state law claims including alleged various torts such as

"filing false record[s], deliberate indifference, negligence, defamation, libel and slander" (*see*

Compl. at 3), Defendants TCH and Justice move that this Court decline to exercise supplemental

jurisdiction.  (TCH's Mot. at 13–14.)  A district court may decline to exercise supplemental

jurisdiction over state law claims when it has dismissed all claims over which it had original

jurisdiction.  28 U.S.C. § 1367(c)(3); *Exum v. U.S. Olympic Committee*, 389 F.3d 1130, 1138

-1139 (10th Cir. 2004); *Doe v. Bagan*, 41 F.3d 571, 573, 577 (10th Cir. 1994) (approving

dismissal of state law claims for lack of subject matter jurisdiction after summary judgment was

granted as to all federal claims); *cf. United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726

(1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial

in a jurisdictional sense, the state claims should be dismissed as well.").  "Pendent jurisdiction is

a doctrine of discretion, not of Plaintiff's right."  *Baker v. Bd. of Regents of Kan.*, 991 F.2d 628,

634 (10th Cir. 1993).

Because I recommend the district court dismiss Plaintiff's federal claims against

Defendants TCH, Justice, and Sirotnak, I further recommend that the court decline to exercise

supplemental jurisdiction over Plaintiff's state law claims.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant the Children's Hospital and Lisa M. Justice's Motion

to Dismiss Plaintiff's Complaint" (Doc. No. 12) and "Andrew Sirotnak's Motion to Dismiss"

(Doc. No. 27) be GRANTED and that the claims against them be dismissed.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

13

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      Dated this 11th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge