IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00049–WYD–KMT

MARGRET THOMPSON, on behalf of herself and others similarly situated,

    Plaintiff,

v.

CHILDREN'S HOSPITAL,
KEMPE CHILD PROTECTION TEAM,
ANDREW SIROTNAK,
LISA M. JUSTICE,
TAMMIE RAATZ,
TONI M. ROZANSKI,
MARCOS GONZALES,
TIFFANY BEAUFORD, and
MARILYN ROBINSON, and other Jane or John Does, individually and in their official capacities,

    Defendants.

# ORDER

This matter is before the court on Defendants The Children's Hospital, Lisa M. Justice, and Andrew Sirotnak's "Motion to Stay Discovery Pending Review of Recommendation of Dismissal" (Doc. No. 49, filed May 24, 2011).

In this action, Plaintiff asserts claims that the defendants discriminated against her because of her African-American heritage. (*See* Compl.) Defendants The Children's Hospital (TCH), Justice, and Sirotnak filed motions to dismiss (Doc. Nos. 12, 27), and this court filed its Recommendation that the motions to dismiss be granted and that the claims against Defendants

Case 1:11-cv-00049-WYD-KMT   Document 52   Filed 05/25/11   USDC Colorado   Page 2 of 4

TCH, Justice, and Sirotnak be dismissed in their entirety. (Doc. No. 35.) Defendants TCH, Justice, and Sirotnak now seek a stay of the case against them pending a ruling by the District Court on the motions to dismiss. (Doc. No. 49.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a

2

particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

Defendants attempted to contact Plaintiff regarding their motion, but Plaintiff did not respond to their emails, and mail sent to Plaintiff by the defendants has been returned as undeliverable.[1]  (Doc. No. 49 at 2.)  Defendants argue that Plaintiff's interest in discovery as to them is minimal and not pertinent to the Rule 12(b)(6) motions to dismiss.  (*Id.* at 4.) Defendants also argue that they will face substantial burdens and suffer prejudice if the case proceeds as to them.  (*Id.*)  The defendants also argue that the Court's convenience is well-served by staying discovery as to them until the District Court rules on the motions to dismiss.  (*Id.*) Finally, the defendants argue that there are no nonparty interests at stake, and the public interest

---

[1] Recent mail sent to Plaintiff from the Court also has been returned as undeliverable. (*See* Doc. Nos. 45, 46, 48.)

3

favors a stay because the defendants are healthcare providers who would better serve the public by providing care to the patients at TCH.  (*Id.*)

Balancing these factors, the court finds that a stay of discovery and other deadlines as to Defendants TCH, Justice, and Sirotnak is appropriate in this case.

Therefore, it is

**ORDERED** that Defendants The Children's Hospital, Lisa M. Justice, and Andrew Sirotnak's "Motion to Stay Discovery Pending Review of Recommendation of Dismissal" (Doc. No. 49) is **GRANTED**.  All discovery in this matter is **STAYED** as to Defendants The Children's Hospital, Lisa M. Justice, and Andrew Sirotnak, and these defendants are excused from the Scheduling Conference.  Defendants The Children's Hospital, Lisa M. Justice, and Andrew Sirotnak shall file a status report no later than ten days after the District Court's ruling on their motions to dismiss to advise if any portion of the case remains pending against them.

Dated this 25th day of May, 2011.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge