IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00049–WYD–KMT

MARGRET THOMPSON, on behalf of herself and others similarly situated,

    Plaintiff,

v.

KEMPE CHILD PROTECTION TEAM,
TAMMIE RAATZ,
TONI M. ROZANSKI,
MARCOS GONZALES,
TIFFANY BEAUFORD, and
MARILYN ROBINSON, and other Jane or John Does, individually and in their official capacities,

    Defendants.
_____

### AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This matter comes before the court on Plaintiff Margaret Thompson's failure to appear at the July 7, 2011 Scheduling Conference and upon her failure to participate in the conferral process required by Fed. R. Civ. P. 16, including her failure to draft and submit Plaintiff's required portions of the final proposed Scheduling Order which was eventually filed by defendants on or about June 30, 2011. [Doc. No. 63.] The court notes that this is the second time the plaintiff has failed to appear for a scheduling conference. The first occasion resulted in a show cause order being issued as noted below. At this point, this court now recommends that

Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with court orders.

Pursuant to the Order of Reference dated February 7, 2011 (Doc. No. 7), this civil action was referred to the Magistrate Judge to, *inter alia*, "Convene a scheduling conference under Fed.R.Civ.P.16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2" and to "hear and determine pretrial matters." (*Id.*)

On March 7, 2011, this court entered its Order setting the Scheduling Conference for May 31, 2011. [Doc. No. 14.] The Order setting the Scheduling Conference was mailed to the Plaintiff at 3730 Jackson Street, Denver, Colorado 80205, the address provided by Plaintiff. The Order was not returned as undeliverable. Despite this court's order that the parties confer pursuant to Fed. R. Civ. P. 26(f) and submit their proposed scheduling order, the proposed scheduling order submitted by the defendants noted that "Counsel for Defendants conferred with Plaintiff regarding her sections of [the] proposed order. However, Plaintiff did not submit her sections in sufficient time to incorporate into this proposed scheduling order." [Doc. No. 51 at 2, ¶ 3.a.]

On May 11, 2011, this court entered its Recommendation that the motions to dismiss filed by Defendants The Children's Hospital, Lisa M. Justice, and Andrew Sirotnak [Doc. Nos. 12 and 27] be granted. [Doc. No. 35.] Also on May 11, 2011, Plaintiff filed a Notice for Change of Address, an untimely response to The Children's Hospital's motion to dismiss, and a motion for assignment of counsel. [Doc. Nos. 37, 38, and 39.] Plaintiff's "Notice for Change of Address" listed her new address as 15730 East Alameda Parkway, #207, Aurora, Colorado

2

80017. [Doc. No. 38.] However, some of the mail sent by the Court to Plaintiff at this new address was returned as undeliverable. [*See* Doc. Nos. 45, 46, 48, 55.] In spite of requesting and receiving an extension of time to file objections to the Magistrate Judge's recommendations [Doc. No. 53], the Plaintiff never filed an objection.

On May 31, 2011, the date of the first scheduling conference, the court delayed the hearing for approximately twenty-five minutes and attempted to reach Plaintiff by telephone. Plaintiff did not appear, and the court was unable to reach Plaintiff by telephone. The court thereafter issued an Order to Show Cause [Doc. No. 57] requiring the Plaintiff to show cause why her case should not be dismissed for failure to prosecute and failure to follow court orders. Fourteen days later, Plaintiff filed her "Motion for Enlargement of Time to File Response to the Order to Show Cause and Disclosures" explaining that the person who had been helping her with the case had moved and she needed more time to respond to the court's order. Having read the explanation in the motion, the Court discharged the Order to Show Cause and re-set the Scheduling Conference to July 7, 2011 at 10:00 a.m. [Doc. No. 60.] The court ordered

> Plaintiff's attendance [at the Scheduling Conference] is mandatory. Plaintiff is ORDERED to confer with counsel for Defendants Raatz, Rozanski, Gonzales, Beauford, and Robinson to prepare a proposed Scheduling Order to be filed with the court no later than June 30, 2011.

*Id.* This order was mailed to the plaintiff Margret Thompson at 15730 East Alameda Parkway, #207, Aurora, CO 80017, and was not returned to the court as undeliverable.

3

On June 21, 2011, the District Court issued its Orders dismissing with prejudice all claims against Defendants The Childrens Hospital, Andrew Sirotnak and Lisa Justice. [Doc. Nos. 61, 62.]

On July 7, 2011, Plaintiff once again failed to appear for the Scheduling Conference. Shortly after the time scheduled to begin the hearing after observing that the plaintiff was not present, the court clerk contacted the plaintiff telephonically. The plaintiff told the clerk she was on her way and then abruptly hung up the telephone. At 10:30 a.m., the court convened the case; Plaintiff still had not appeared or called the court. The plaintiff did not appear at any time during the brief hearing.[1]

The court noted that, once again, there appeared to be no input or participation by Plaintiff in drafting the proposed Scheduling Order in spite of the court's order. Counsel for Defendants confirmed that he had no contact with the plaintiff and that she did not attempt to confer as required by the court's order.

In the court's previous order to show cause, plaintiff was advised

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of complying with court orders and prosecuting her case. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(A) and (C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling order or other pretrial conference or fails to obey pretrial

---

[1] Plaintiff and a companion eventually showed up at the courtroom at approximately 10:45 a.m., 45 minutes after the hearing was scheduled to begin. The explanation given to the clerk was that they "were lost."

>orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case for a party's failure to prosecute.
>
>The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc*., 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id*. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted).

Doc. No. 57 at 3-4.

Plaintiff has shown a lack of respect for the Court and for her responsibilities as plaintiff in this case. She has offered no explanation for her behavior and seems unwilling or unable to prosecute this case.

This case was filed on January 1, 2011 and from that time forward the Plaintiff has failed in all her prosecution duties. She has not participated in Fed. R. Civ. P. 26 conference requirements and has not provided basic information to even fill out the Scheduling Order. The defendants who filed Answers – as opposed to filing a Motion to Dismiss – are extremely prejudiced in that they are foreclosed from even basic discovery while Plaintiff continues to

ignore her responsibilities. The court has twice has to deal with the plaintiff simply not showing up and, later when she finally appears, the clerk has been subjected to rude behavior from her. There is simply no excuse why the plaintiff did not locate the federal courthouse sometime between January and July to determine where the courthouse was, where to park, and to otherwise make plans to be on time for scheduled hearings. The plaintiff was warned that if she did not obey orders from the court in the future and if she did not appear as required, dismissal of her case might be a result. In spite of the clear warning, plaintiff once again did not confer, did not do her part in preparation of a Scheduling Order and did not appear at the scheduling conference. Clearly, warnings and other sanctions are not efficacious and dismissal is the only remaining remedy.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND

This case be dismissed in its entirety for Plaintiff's failure to prosecute and for failure to obey and comply with court orders and requirements of prosecution of the civil case.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

he magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge